UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LOREN ODY, | ) Case No. C06-1689-TSZ-JPD |
| Petitioner, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| ALICE PAYNE, | ) |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Robert Loren Ody, a prisoner incarcerated at the McNeil Island Corrections Center in Steilacoom, Washington, proceeds *pro se* and *in forma pauperis* in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 4. Respondent has filed an answer to the petition, in which she argues that petitioner's claims are barred by operation of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. No. 9. After careful consideration of the petition, response, governing law, and the balance of the record, the Court recommends that petitioner's § 2254 petition be DENIED as untimely and his case DISMISSED with prejudice.

## II.  FACTS AND PROCEDURAL HISTORY

On April 16, 1999, petitioner pled guilty in King County Superior Court to three counts of communicating with a minor for immoral purposes.  Dkt. No. 11, Ex. 1 at 1.[1]  On May 21, 1999, that court entered judgment against petitioner, imposing an agreed-upon exceptional sentence of 180 months.  Dkt. No. 11, Ex. 1 at 1-2.[2]  The court also imposed an community placement term on each conviction for the longer of two years or the period of earned early release.  Dkt. No. 11, Ex. 1 at 3.

Petitioner did not appeal his convictions.  Instead, on December 27, 2002 and October 13, 2004, he filed personal restraint petitions ("PRPs") in Division One of the Washington Court of Appeals.  *See* Dkt. No. 11, Exs. 2, 3.  Both PRPs were eventually denied by the Court of Appeals, after which time petitioner did not seek discretionary review by the Washington Supreme Court.

On December 15, 2005, petitioner filed a motion in superior court to withdraw his guilty plea, arguing (1) that the combined prison and community placement terms exceeded the statutory minimum sentences for his crimes; and (2) that his plea was invalid because he was misinformed about the length of his community placement.  Dkt. No. 11, Ex. 4.  The superior court transferred petitioner's motion to the Washington Court of Appeals for consideration as a PRP.  Dkt. No. 11, Ex. 5.  However, because petitioner had previously filed two PRPs in the Court of Appeals without making this argument, the acting chief judge treated petitioner's third PRP as successive under R.C.W. § 10.73.140, and transferred it to the Washington Supreme Court.  Dkt. No. 11, Ex. 5.

On May 24, 2006, the Washington Supreme Court denied petitioner's third PRP on its merits and, in part, as untimely under R.C.W. § 10.73.090(1).  *See* Dkt. No. 11, Ex. 6.

---

[1]  Docket No. 11 comprises the relevant state court record.

[2]  The judgment and sentence was filed by the clerk of the superior court on May 25, 1999.  *See* Dkt. No. 11, Ex. 1 at 1.

REPORT AND RECOMMENDATION
PAGE – 2

Discretionary review was denied by the Supreme Court Commissioner six days later. Petitioner's motion to modify the Commissioner's ruling was denied by a panel of the Washington Supreme Court on September 7, 2006. Dkt. No. 11, Ex. 8. On January 31, 2007, this Court directed service on petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. No. 5. Respondent filed an answer to the petition on March 9, 2007, and submitted the relevant state court record three days later. Dkt. Nos. 9, 11. Petitioner's § 2254 petition and the complete record in this case are now before the Court.

### III.   CLAIM FOR RELIEF

Petitioner's § 2254 petition argues that he is "currently under unlawful restraint as a result of his judgment and sentence." Dkt. No. 1 at 5. Specifically, petitioner argues that he is entitled to withdraw his guilty plea because he was misinformed that his community placement would exceed the statutory maximum. Dkt. No. 1 at 5.[3] Respondent's answer does not address the merits of the petition. Rather, respondent argues that petitioner's claims are barred by operation of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. No. 9 at 2-3.

### IV.   DISCUSSION

A.   <u>AEDPA's Statute of Limitations Bars Petitioner's Claim</u>

On April 24, 1996, the President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was the adoption of a one-year statute of limitations for § 2254 petitions. *See*

---

[3] In other words, petitioner asserts a facial defect in being misinformed that his community placement would be "at least one year," not the mandatory minimum of two years. The Washington Supreme Court rejected this argument in its May 24, 2006 ruling on petitioner's third PRP, holding that misinformation about the consequences of a plea is not a facial defect exempt from Washington's one-year limitations period on collateral attacks. *See* Dkt. No. 11, Ex. 6 at 3 (citing *In re Personal Restraint of Hemenway*, 147 Wn.2d 529, 533, 55 P.3d 615 (2002)).

28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) states that the one-year limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The record before the Court makes clear that petitioner's § 2254 petition was not timely filed in accordance with AEDPA's one-year statute of limitations.  Petitioner's judgment became final, for purposes of federal law, on June 25, 1999. Dkt. No. 11, Ex. 1; 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001); *see also* Wash. R.A.P. 5.2(a).  Thus, petitioner had until approximately June 26, 2000, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (noting that AEDPA's statute of limitations commences the day after a petitioner's conviction becomes final, in accordance with Fed. R. Civ. P. 6(a)).

On November 22, 2006, over six years after the expiration of AEDPA's statute of limitations, petitioner filed his proposed federal habeas corpus petition. Dkt. No. 1.  Indeed, petitioner's collateral challenges in *state court* came, at the very earliest, more than two years after expiration of the relevant state court limitations period. *See* Dkt. No. 11, Ex. 2; R.C.W. § 10.73.090(1).  The fact that the state appellate courts dismissed some or all of petitioner's claims on the merits, rather than as time-barred under R.C.W. § 10.73.090, is of no moment.

REPORT AND RECOMMENDATION  
PAGE – 4

*See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005).[4]  For federal habeas corpus purposes, the petition is time-barred under § 2244(d)(1).  *Patterson*, 251 F.3d at 1246.  The only circumstance in which the petition would not be time-barred is if AEDPA's statute of limitations was tolled.

      B.     AEDPA's Tolling Provisions Do Not Save Petitioner's Claims

As noted above, petitioner filed collateral attacks against his judgment and sentence in this matter as early as December 27, 2002 and October 13, 2004.  *See* Dkt. No. 11, Exs. 2, 3.  AEDPA contains a provision that tolls the statute when such an attack is filed in state court.  *See* 28 U.S.C. § 2244(d)(2).  Additionally, AEDPA's statute of limitations is subject to equitable tolling under certain circumstances.  Neither of these provisions, however, save the present petition from being time-barred under § 2244(d)(1).

      1.    *Statutory Tolling*

AEDPA's statute of limitations may be tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, a PRP that is properly filed prior to the running of the statute of limitations tolls that period.  *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir. 2007).  In this case, however, petitioner filed his PRPs after *both* AEDPA's statute of limitations and the pertinent state-law limitations periods had expired.  *See* 28 U.S.C. § 2244(d)(1); R.C.W. § 10.73.090.  Petitioner's PRPs were thus not "properly filed" under § 2244(d)(2) and as a result, AEDPA's statutory tolling provisions do not apply.  *See Allen v. Siebert*, ___ U.S. ___, 128 S. Ct. 2 (slip op. Nov. 5, 2007) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotations and punctuation omitted); *Pace*, 544 U.S. at 414 (similar).

---

    [4] To be sure, it appears that the Washington Supreme Court *did* reject petitioner's "misinformation" argument as untimely under R.C.W. § 10.73.090(1).  *See* Dkt. No. 11, Ex. 6 at 3 (citing *In re Personal Restraint of Hemenway*, 147 Wn.2d 529, 533, 55 P.3d 615 (2002)).

REPORT AND RECOMMENDATION
PAGE – 5

## 2. *Equitable Tolling*

AEDPA's statute of limitations is also subject to equitable tolling. *Pace*, 544 U.S. at 418. However, equitable tolling is only applicable in limited circumstances. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("Equitable tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotations omitted). To prevail on such an argument, the petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Here, petitioner's § 2254 petition alleges no "extraordinary circumstance" beyond his control that made it impossible for him to file a timely petition. Furthermore, no such evidence is apparent from the Court's review of the record. Petitioner's status as an IFP litigant, or any perceived misunderstanding of AEDPA's relevant limitations period, is insufficient to meet this burden. *See, e.g.*, *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir .) (holding that prisoner's unfamiliarity with the legal process or the lack of representation during the filing period did not warrant equitable tolling of § 2244(d)(1)), *cert. denied*, 528 U.S. 1007 (1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing'" of a habeas petition) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001)). Because the petition was filed after expiration of AEDPA's applicable statute of limitations, and because no evidence justifies statutory or equitable tolling, petitioner's federal habeas petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Consequently, it is not necessary to address the underlying substance of petitioner's arguments.

## V. CONCLUSION

01          Petitioner filed his 28 U.S.C. § 2254 petition for writ of habeas corpus more than six

02  years after the expiration of the AEDPA's one-year statute of limitations, 28 U.S.C. §

03  2244(d)(1).  In addition, petitioner has not demonstrated that the statute should be tolled under

04  28 U.S.C. § 2244(d)(2), as his personal restraint proceedings in state court could not have

05  acted to toll the period by statute, and petitioner made no equitable showing of extraordinary

06  circumstances which made it impossible to file a petition on time.  Accordingly, the Court

07  recommends that petitioner's § 2254 petition be DENIED and his case DISMISSED with

08  prejudice.  A proposed order accompanies this Report and Recommendation.

09          DATED this 13th day of November, 2007.

                                              *James P. Donohue* (signature)
                                              _____
                                              JAMES P. DONOHUE
                                              United States Magistrate Judge

PAGE – 7